**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STREAMS OF LIFE WORSHIP
CENTER,

        Plaintiff,

v.                                      Case No:   6:23-cv-1891-WWB-LHP

ATEGRITY SPECIALTY INSURANCE
COMPANY,

        Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **ATEGRITY'S MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF DISCOVERY DOCUMENTS (Doc. No. 28)**
>
> **FILED:**     **January 15, 2025**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED.**

In this property insurance coverage dispute, Defendant moves to compel Plaintiff to produce documents Plaintiff was supposed to produce during the deposition of its corporate representative pursuant to a Notice of Taking Deposition

Duces Tecum Via Videoconference of the Corporate Representative of Plaintiff. Doc. Nos. 28, 28-1. According to the motion, Plaintiff's corporate representative testified to and identified, but did not produce, the following:

- Photographs/videos evidencing the condition of the roof, for which Plaintiff's alleges wind damages in this lawsuit, prior to Hurricane Ian;
- Original photographs/videos taken by Plaintiff's secretary, Dawn Harrison, following Hurricane Ian;
- Inspection/appraisal report(s) completed during the purchase of the property;
- Copies of checks for repairs to the property issued by the Plaintiff before and after Hurricane Ian; and
- Identification of the handymen retained by Plaintiff to complete repairs to the property following Hurricane Ian.

Doc. No. 28, at 2. Plaintiff subsequently agreed to produce these documents by January 10, 2025, but did not. *Id.* at 3.

Plaintiff has not responded to the motion, and its time for doing so expired on January 21, 2025. *See* Doc. No. 18 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion); *see also* Fed. R. Civ. P. 6(a)(1)(C). Accordingly, the Court deems the motion to be unopposed in all respects. *See* Doc. No. 18 ¶ 5 (stating that failure to file a timely response *will*

result in the discovery motion being deemed unopposed); *see also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the unopposed motion, and the related deposition notice attached, the Court finds the motion (Doc. No. 28) well taken. Accordingly, it is **ORDERED** as follows:

1. Defendant's Motion to Compel Plaintiff's Production of Documents (Doc. No. 28) is **GRANTED**.

2. Within **fourteen (14) days** of the date of this Order, Plaintiff shall produce to Defendant all outstanding documents within its current possession, custody, or control responsive to the deposition notice, as outlined in Defendant's motion. *See* Doc. No. 28, at 2; Doc. No. 28-1.

4. All objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel. *See, e.g., Jackson v. Geometrica,*

*Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at *2 (same).

4. **Failure to comply with this Order may result in sanctions.** *See* **Fed. R. Civ. P. 37(b).**[1]

**DONE** and **ORDERED** in Orlando, Florida on January 27, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Defendant does not request an award of fees and costs or any other relief in its motion, *see* Fed. R. Civ. P. 37(a)(5); accordingly, the Court declines to award any further relief at this time.